CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 04 2021

JULIA C. DUDLEY, CLERK
BY: /s/ aSeagle
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 7:13-cr-00059 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| SAMUEL LEWIS FENNELL, | ) Chief United States District Judge |
| Defendant-Petitioner. | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Samuel Lewis Fennell's motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] ECF Nos. 367 and 377. The government has responded in opposition, ECF Nos. 381 and 395, and Fennell has moved to supplement his motions with additional argument, ECF No. 384. For the reasons stated herein, the court will **GRANT** Fennell's motions and reduce his sentence to 212 months.

## BACKGROUND

During the course of an investigation conducted by the Drug Enforcement Administration and the Bureau of Alcohol, Tobacco, Firearms and Explosives, Fennell was identified as "the main supplier in a conspiracy involving distribution of cocaine that occurred between 2010 and June 2013, and involved five coconspirators and other unindicted individuals." Presentence Investigation Report ("PSR"), ECF No. 285, at 6. On August 15, 2013, a grand jury returned an indictment charging Fennell and two codefendants with conspiring to distribute and possess with the intent to distribute five kilograms or more of

---

[1] Fennell's criminal case was previously assigned to Senior United States District Judge Glen E. Conrad. The case was transferred to the undersigned on May 18, 2021. Oral Order, ECF No. 396.

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Indictment, ECF No. 13. The government subsequently notified Fennell of its intent to seek enhanced statutory penalties pursuant to 21 U.S.C. § 851, based on a prior felony drug conviction in the Circuit Court for the City of Salem. Notice of Enhanced Punishment, ECF No. 128.

On February 20, 2014, a federal grand jury returned a multi-count superseding indictment against Fennell and four codefendants. Superseding Indictment, ECF No. 136. Count One of the superseding indictment charged Fennell with conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine powder and 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. Id.

On May 5, 2014, a jury convicted Fennell of the conspiracy offense charged in Count One of the superseding indictment. Jury Verdict, ECF No. 231. As a result of the § 851 notice filed by the government, Fennell faced a mandatory minimum term of imprisonment of 20 years. See 21 U.S.C. § 841(B)(1)(A) (2014) (amended Dec. 21, 2018).

In preparation for sentencing, a probation officer prepared a PSR. The probation officer determined that Fennell was responsible for 43.14 kilograms of cocaine powder, which corresponded to a base offense level of 34 under the 2013 version of § 2D1.1(c)(1) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). PSR at 9. The probation officer also applied a two-level enhancement for possessing a firearm and a two-level enhancement for obstruction of justice, which produced an adjusted offense level of 38. Id. at 10. Additionally, the probation officer determined that Fennell qualified for sentencing as a career offender under U.S.S.G. § 4B1.1 because of two prior felony convictions for controlled substance offenses. Id. Application of the career-offender enhancement increased Fennell's

criminal history category from III to VI and would have otherwise resulted in an offense level of 37 under U.S.S.G. § 4B1.1(b)(1). Id. at 10–12. Based on the higher adjusted offense level of 38 and a criminal history category of VI, the probation officer calculated a Guidelines range of imprisonment of 360 months to life. Id. at 15; see also id. at 10 ("Since the offense level otherwise applicable is greater than the offense level for career offender, [the career-offender offense level] will not be applied.").

Fennell filed objections to the PSR. In particular, Fennell objected to the application of the firearm enhancement and the enhancement for obstruction of justice. See 2d Addendum to PSR, ECF No. 285, at 20–21. He did not object to being designated as a career offender.

Fennell appeared for sentencing on November 3, 2014. During the hearing, the court heard argument from counsel regarding the objections to the PSR. The court sustained the objection to the firearm enhancement and overruled the objection to the obstruction-of-justice enhancement. Sentencing H'rg Tr., ECF No. 305, at 41–42. "Because of the elimination of the firearm enhancement," the court determined that "[Fennell's] offense level ha[d] to be based on [his] status as a career offender," to which there had "been no challenge." Id. at 44. Accordingly, the court found that Fennell had a total offense level of 37, a criminal history category of VI, and a resulting Guidelines range of 360 months to life imprisonment. Id. After considering the parties' arguments, the court sentenced Fennell to a term of imprisonment of 360 months. Id. at 63; see also id. at 60–61 ("The Court believes that the guideline sentence of 360 months is fair, it's just, it complies with Congress's mandate. I think it serves the purposes [and] goals that the Court is charged to serve in imposing a sentence.").

Fennell has been in federal custody since August 8, 2013. PSR at 1. He is currently housed at FCI Petersburg Medium.[2] His projected release date is March 2, 2039. Sentencing Monitoring Computation Data, ECF No. 377-3, at 2.

Fennell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on two grounds. First, Fennell argues that he would not be classified as a career offender if he were sentenced today. Supp'l Mot. for Compassionate Release, ECF No. 377, at 1 (citing United States v. Norman, 935 F.3d 232 (4th Cir. 2019)). Second, Fennell argues that "his diagnosed hypertension places him at an elevated risk of serious complications from COVID-19." Id. at 11. The government opposes any sentence reduction for Fennell. Supp'l Resp. in Opp'n, ECF No. 395, at 1. The matter is fully briefed and ripe for disposition.

## DISCUSSION

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Oct. 27, 2021) (search "Samuel Fennell").

4

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Fennell's requested relief requires the court to consider (1) if he satisfied the statute's administrative requirement; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## I. Administrative Requirement

The court begins by considering the "threshold requirement" for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, ___ F. 4th ___, 2021 WL 4888393, at *2 (4th Cir. 2021). This requirement, which is "non-jurisdictional," is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at *4; see also id. at *3 (emphasizing that the wording of the statute "make[s] it abundantly clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement").

Here, Fennell followed the second route. He mailed a request for compassionate release to the warden of his facility on February 29, 2020. See Resp. in Opp'n Ex. A, ECF No. 381-1, at 2. The warden's office received the request on March 23, 2020. Id. After waiting more than 30 days, in accordance with § 3582(c)(1)(A), Fennell filed the pending motions for compassionate release. See Muhammad, 2021 WL 4888393, at *4 (holding that the appellant satisfied the threshold requirement by filing his motion 149 days after submitting a request to the warden).

5

In response to Fennell's motions, the government does not dispute that Fennell satisfied the administrative requirement with respect to his argument concerning changes in sentencing law. However, the government does contest whether Fennell "exhausted his administrative remedies related to COVID-19." Supp'l Resp. in Opp'n, ECF No. 395, at 5. The government contends that a defendant must present a particular ground for compassionate release in his request to the warden before filing a motion based on that ground. Since Fennell's administrative request was based "solely on the issue of changes to sentencing law," the government maintains that the warden "did not have the opportunity to consider COVID-19 or Fennell's health as a reason for compassionate release." Id. at 6–7.

The United States Court of Appeals for the Fourth Circuit has not specifically addressed "whether a defendant seeking compassionate release under § 3582(c)(1)(A) must present a particular ground for relief to the BOP in their administrative request before raising the same ground to the court." United States v. Rice, No. 1:12-cr-00412, 2021 WL 2315447, at *2 (D. Md. June 7, 2021). Although the Seventh Circuit has held that issue-specific exhaustion is required under § 3582(c)(1)(A), see United States v. Williams, 987 F.3d 700, 703 (7th Cir. 2021), a number of district courts, including district courts in the Fourth Circuit, have held that § 3582(c)(1)(A) "does not require 'issue exhaustion.'" Rice, 2021 WL 2315447, at *2 (collecting cases from the District of Maryland); see also United States v. Sherrod, No. 2:19-cr-20139, 2021 WL 3473236, at *2 (E.D. Mich. Aug. 6, 2021) (joining "the majority of district courts in holding that issue exhaustion is not required"). Here, because it does not affect the outcome of the court's decision, the court will assume that Fennell fully satisfied

6

§ 3582(c)(1)(A)'s administrative requirement, including with respect to his argument based on COVID-19.

## II. Extraordinary and Compelling Reasons

The court must next determine whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Fennell's case. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). As indicated above, Fennell makes two arguments in support of his motion for compassionate release: (1) that he has a preexisting condition that would make him particularly vulnerable to serious consequences if he were to contract COVID-19; and (2) that he would no longer qualify for sentencing as a career offender if he were sentenced today for the same offense. The court will address each argument in turn.

### A. Risks Associated with COVID-19

During the COVID-19 pandemic, this court and others "have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Blevins, 832 F. App'x 192, 192 (4th Cir. 2020). For the majority of inmates, however, "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). According to the Centers for Disease Control and Prevention ("CDC"), "[s]tudies show that COVID-19 vaccines are effective,

especially at keeping you from getting seriously ill even if you do get COVID-19."[3] The CDC has also found that "COVID-19 vaccines are effective at helping protect against severe disease and death . . . from variants of the virus that causes COVID-19 currently circulating," including the Delta variant.[4]

Fennell contends that he has been diagnosed with hypertension, which is listed by the CDC as a condition that "can make you more likely to get severely ill from COVID-19."[5] As of March 23, 2021, however, Fennell has received both doses of the Pfizer COVID-19 vaccine. See Supp'l Med. Records, ECF No. 401, at 1–2. According to the CDC, the vaccine has been shown to "provide protection against severe illness and hospitalization among people of all ages eligible to receive [it]," including people "who are at higher risk of severe outcomes from COVID-19."[6] Thus, while individuals who are vaccinated may still contract COVID-19, "they are significantly less likely to experience severe symptoms or be hospitalized as compared to unvaccinated individuals." Ross v. United States, No. 2:19-cr-00148, 2021 WL 3625310, at *2 (E.D. Va. Aug. 16, 2021) (citation omitted). Accordingly, Fennell has not demonstrated that the virus provides an extraordinary and compelling basis for a sentence reduction under § 3582(c)(1)(A).

---

[3] CDC, Key Things to Know About COVID-19 Vaccines, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html?s_cid=10490:covid%20vaccination:sem.ga:p:RG:GM:gen:PTN:FY21 (updated Oct. 7, 2021, and last accessed Oct. 27, 2021).

[4] See id.

[5] CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and last accessed Oct. 27, 2021).

[6] CDC, COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (updated Aug. 16, 2021, and last accessed Oct. 27, 2021).

### B. Application of the Career-Offender Enhancement

Fennell also argues, based on the Fourth Circuit's decision in United States v. Norman, 935 F.3d 232 (4th Cir. 2019), that he would no longer qualify as a career offender if he were sentenced today. "The career-offender enhancement—both in [2014] and now—requires that the 'instant offense of conviction' be, among other things, a 'controlled substance offense.'" United States v. Lancaster, 997 F.3d 171, 176 (4th Cir. 2021) (citing U.S.S.G. § 4B1.1). Although Fennell's offense of conviction—conspiracy to distribute and possess with the intent to distribute cocaine base and cocaine powder—was considered to be a controlled substance offense at the time of his sentencing, "that is no longer the case." Id. (citing Norman, 935 F.3d at 237–39 (holding that a conspiracy conviction under § 846 does not qualify as a "controlled substance offense" under § 4B1.2 of the Guidelines)).

The Fourth Circuit "has not yet considered whether Norman's holding, standing alone, constitutes an extraordinary and compelling circumstance warranting relief" under § 3582(c)(1)(A). United States v. Brown, No. 3:15-cr-00017, 2021 WL 2389881, at *9 (W.D. Va. June 11, 2021). Nonetheless, the Fourth Circuit has held that a district court may consider "the severity of the defendant[']s . . . sentence[] and the extent of the disparity between the defendant['s] sentence[] and [that] provided for under [current law]" when deciding a motion for compassionate release. United States v. McCoy, 981 F.3d 271, 286 (4th Cir. 2020). Although McCoy specifically addressed the sentencing disparity resulting from the First Step Act's amendments to 18 U.S.C. § 924(c), district courts in the Fourth Circuit, including this one, have extended McCoy's reasoning to cases in which defendants "would no longer be considered career offenders under Norman if sentenced today." Brown, 2021 WL 2389881,

9

at *10, (citing United States v. Trice, No. 7:13-cr-00034, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021)); see also id. (finding that Norman's impact on the application of the career-offender enhancement provided an "'extraordinary and compelling' reason warranting a sentence reduction"); United States v. Shaw, No. 5:13-cr-00025, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (same).

In light of the Fourth Circuit's decision in Norman, it is undisputed that Fennell would not qualify as a career offender if he were sentenced today and that he would no longer be subject to a Guidelines range of 360 months to life. Instead, with the benefit of Amendment 782 to the Guidelines[7] and the First Step Act's amendments to 21 U.S.C. § 841(b)(1)(A),[8] Fennell would have a total offense level of 34, a criminal history category of III, and a Guidelines range of 188 to 235 months. Thus, the high end of the range that would now apply is more than 10 years less than the Guidelines sentence originally imposed by the court. While this reduction may be less dramatic than the reductions at issue in McCoy, the court finds that the significant disparity between Fennell's current sentence and the sentence he would face

---

[7] "Amendment 782 reduced by two the offense levels assigned to drug quantities listed in U.S.S.G. § 2D1.1 . . . ." United States v. May, 855 F.3d 271, 273 (4th Cir. 2017). At the time of sentencing, Fennell was held accountable for 43.14 kilograms of cocaine powder, which resulted in a base offense level of 34 under the 2013 version of the Guidelines. The current version of the Guidelines, which incorporates Amendment 782, provides a base offense level of 32 for the same quantity of cocaine powder. See U.S.S.G. § 2D1.1(c)(4). That base offense level, combined with the two-level enhancement for obstruction of justice, would produce a total offense level of 34.

[8] At the time of sentencing, Fennell was subject to an enhanced mandatory minimum term of imprisonment of 20 years under 21 U.S.C. § 841(b)(1)(A), because of the prior felony drug conviction identified in the government's § 851 notice. Section 401 of the First Step Act reduced the enhanced mandatory minimum sentence from 20 years to 15 years and amended the requirements for a prior offense to trigger the enhanced mandatory minimum. See Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220–21 (Dec. 21, 2018). Even if Fennell would still qualify for a statutory sentencing enhancement if he were sentenced today, he would no longer face a mandatory minimum period of incarceration of 20 years.

10

today for the same offense provides an extraordinary and compelling basis for a sentence reduction under § 3582(c)(1)(A).

### III.    Consideration of § 3553(a) Factors

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need for the sentence imposed to afford adequate deterrence, to protect the public from further offenses, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the government argues that the § 3553(a) factors weigh against compassionate release. Supp'l Resp. in Opp'n at 15. After considering the applicable factors, the court will exercise its discretion to reduce Fennell's term of imprisonment.

In reaching its decision, the court recognizes that Fennell's offense conduct was undoubtedly serious, as was his criminal history at the time of sentencing. As the government emphasizes in its response, "Fennell supplied significant amounts of cocaine to southwest Virginia over several years"; he "had a history of drug distribution, beginning when he was 18"; and he was convicted of state drug offenses while he was on supervised release for a federal drug offense. Id. at 15–16. The government also correctly notes that Fennell did not

11

accept responsibility for his offense conduct and that he testified falsely at trial. Id. at 16. Additionally, the record contains troubling evidence regarding jail calls recorded prior to trial, during which Fennell expressed the desire to harm cooperating witnesses and their families. Sentencing H'rg Tr. at 23–24. Fennell also directed his daughter to post intimidating messages on Facebook, and he told a cellmate at the local jail that he wanted to harm the prosecuting attorney. Id. at 24–25.

On the other hand, as Fennell emphasizes, his offense of conviction was free from violence, his criminal history includes no violent offenses, and the same offense conduct and criminal history would yield a significantly lower Guidelines range today. Supp'l Mot. for Compassionate Release at 1–2. Additionally, Fennell has exhibited good behavior in prison and taken important steps toward rehabilitation. Prison records indicate that Fennell has incurred only one minor disciplinary infraction during his current term of incarceration and that he has maintained a clear disciplinary record for over five years. See Supp'l Mot. for Compassionate Release Ex. B, ECF No. 377-2, at 1. Fennell has also completed multiple educational courses, including the coursework necessary to become a licensed HVAC technician. Supp'l Mot. for Compassionate Release at 2; see also Supp'l Mot. for Compassionate Release Ex. A, 377-1, at 1. Thus, despite facing decades of incarceration, Fennell has used his time to develop skills that will enable him to become a productive member of society upon his release.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Fennell's case. The court finds that Fennell's current sentence is greater than necessary to achieve the statutory sentencing

objectives and that a lesser sentence, correctly applying the current version of the Guidelines, would adequately reflect the magnitude and duration of Fennell's criminal conduct. If sentenced today, Fennell's Guidelines range would be 188 to 235 months. Given the particular circumstances of this case, including Fennell's history and characteristics, both positive and negative, the court concludes that a mid-range sentence of 212 months is appropriate. Specifically, the court finds that a 212-month sentence is sufficient, but not greater than necessary, to reflect the seriousness of Fennell's conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

## CONCLUSION

For the reasons stated herein, the court will **GRANT** Fennell's motions for compassionate release, ECF Nos. 367 and 377, and his motion to supplement the motions with additional argument, ECF No. 384. The court will reduce his term of imprisonment to 212 months. The clerk is directed to send a copy of this memorandum opinion and the accompanying order to Fennell, his counsel of record, and the United States.

It is so **ORDERED**.

Entered: November 2, 2021

Michael F. Urbanski
Chief United States District Judge